UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamie Anthony Makupson, *also known as Jamie Makupson*, Plaintiff, v. Chuck Wright, *Sheriff*; Preston Miller, *Lieutenant*; William Brobson, *Sergent*; NFN Nichols, *Seargent*; NFN Freeman, *Captain*; Brian Cunningham, *Deputy*; J. Shehan; J. Hayes; J. Guinn; B. Branson; B. Lanford; J.Gillespie; and J.T. Seargent, *Lieutenant*, Defendants. | C/A No. 9:13-1435-RBH-BM **REPORT AND RECOMMENDATION** **Partial Summary Dismissal** |

Jamie Anthony Makupson, also known as Jamie Makupson ("Plaintiff"), a pretrial detainee in the Spartanburg County Detention Facility ("SCDF") in Spartanburg, South Carolina, brings this civil action against Defendants seeking injunctive-type relief. Plaintiff is proceeding *pro se* and *in forma pauperis*.

Under established local procedure in this judicial district, a careful review has been made of this *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A[1]; 42 U.S.C. § 1997e (the Prison Litigation Reform Act of 1995 ("PLRA")); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*,



---

[1] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact;" *Denton v. Hernandez*, 504 U.S. at 31; and a claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, even though this Court is required to liberally construe *pro se* pleadings, holding them to a less stringent standard than those drafted by attorneys; *see Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

Plaintiff filed his Complaint, ECF No. 1, on May 29, 2013. By Order dated June 10, 2013, ECF No. 8, Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF No. 2, was granted and Plaintiff was given a specific time frame in which to bring this case into proper form by providing completed, signed proposed service documents for Defendants. On July 2, 2013, Plaintiff brought the case into proper form. *See* ECF Nos. 3, 11.

Plaintiff alleges that, at 5:05 p.m. on February 26, 2013, just after he had been let out of his cell for an hour rotation, he noticed that Ofc. Brian Cunningham was having problems getting another detainee, a mental patient, to return his food tray. Plaintiff alleges that he told Cunningham to just open the inmate's door and tell the inmate to move away, so that Cunningham could retrieve the tray. Plaintiff alleges that Cunningham became agitated and told Plaintiff that he was interfering with an officer's duty and to go back to his own cell and shut his door because he had just lost his hour rotation for the day. Plaintiff alleges that Sgt. Brobson came into the pod at that time and Plaintiff tapped on the window and Deputy Guinn opened the door and Plaintiff then explained to Sgt. Brobson what had happened between Plaintiff and Cunningham. Plaintiff alleges that he and Cunningham were told that the incident was no reason for Plaintiff to lose his hour of rotation for the day, then Sgt. Brobson left the pod. Plaintiff alleges that, as soon as Brobson left, Cunningham told Plaintiff to go to his cell. When Plaintiff asked why, Cunningham told Plaintiff it was because Plaintiff had disrespected Cunningham by getting Sgt. Brobson involved. Plaintiff alleges that he told Cunningham this was not a sufficient reason to be put back into his cell. Cunningham then got the video camera from Guinn and approached Plaintiff again, and told Plaintiff to go to his cell and shut his door. Plaintiff alleges that he again questioned why he should, and disputed that Plaintiff had disrespected Cunningham. Plaintiff alleges that Cunningham then pulled his mace and Plaintiff became defensive and asked Cunningham not to spray him, but Cunningham sprayed Plaintiff anyway.

Plaintiff alleges that he then "starts swinging" and

> end[ed] up on top of this Deputy but I can't see. I am then snatched off deputy Cunningham sprayed again by Deputy Guinn then hit repeatedly in the face and back



3

of the head. I balls up in a defensive knot. Then Deputies Gillespie, Lanford, Shehan, Hayes took part in choking, kneeing, and holding me and spraying me again.

Complaint, ECF No. 1, p. 5.

Plaintiff alleges that these Defendants continued to assault him even though he was being held in a position in which he could not move. Plaintiff alleges that Deputy Branson kneed him in the side and broke two of Plaintiff's ribs, and again sprayed Plaintiff with mace, at which point Plaintiff screamed that he couldn't breathe because three deputies were on top of him. Plaintiff alleges that Sgt. Brobson watched the deputies assault Plaintiff and did nothing to stop them. Plaintiff alleges that he was placed in handcuffs and taken to booking, where Lt. Miller told the deputies to take Plaintiff to transfer. Plaintiff alleges that he asked Sgt. Nichols to take him to the hospital to wash the spray out of his eyes, but Nichols refused. Plaintiff says that he was left in a booking area cell for 30 minutes, then Nichols came back and sprayed more mace under the door of the cell. Plaintiff alleges that, after the shift changed at 7:00 p.m., he started asking the Deputies on the new shift to take him to the hospital because he was having trouble breathing and couldn't see and the spray had also burned his skin. Plaintiff alleges that at 12:00 a.m. Lt. Seargent demanded that Plaintiff lie down and threatened Plaintiff with a stun gun. Plaintiff alleges that Lt. Seargent arranged for Plaintiff to be taken to the hospital when he saw that Plaintiff was complying with directions. At the hospital, Plaintiff was diagnosed with 2 broken ribs and 1st degree burns on his facial area. Complaint, ECF No. 1, p. 6.

Plaintiff alleges that when he returned from the hospital, he was placed back in the transfer unit and was not allowed to have a full breakfast tray, only a bologna sandwich and cup of ice. Plaintiff alleges that Lt. Seargent made the other deputies transfer Plaintiff to lockup, where he

4

was placed on "72 an 1." *Id.* Plaintiff alleges that, after complaining for three weeks that this was not state law, Plaintiff was placed on "48 an 1," but is made to wear restraints every time that he is let out of his cell for an hour. *Id.* Plaintiff alleges that he "was found guilty of fighting and placed behind the glass in lock up" and "giv[en] 60 days," which Plaintiff alleges he completed on May 2. *Id.* Plaintiff alleges that he is allowed no books, newspapers, magazines, or mail, and cannot buy any hygiene supplies, and has not had any form of outside recreation since February 25, 2013. Plaintiff alleges that all of the grievances he has written about the situation have never been returned. Plaintiff alleges that the entire incident was recorded on video. Plaintiff alleges that he cannot get the captain to remove Plaintiff's restraints so he can walk around freely. *Id.* Plaintiff asks that the deputies be relieved of their duty, and that the rules and regulations of the facility be required to meet state standards and not be applied at the deputies' discretion. Complaint, ECF No. 1, p. 7.

## DISCUSSION

Plaintiff's Complaint, insofar as it alleges a claim for violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983 against Defendants Miller, Brobson, Nichols, Freeman, Cunningham, Shehan, Hayes, Guinn, Branson, Lanford, Gillespie, and Seargent, makes sufficient specific factual allegations to survive summary dismissal under 28 U.S.C. § 1915 and to require the development of additional facts through a responsive pleading from these Defendants. However, Plaintiff fails to allege any facts to show that Defendant Wright (the Sheriff of Spartanburg County) was present during any of the events at issue, or was personally responsible for the incident on February 26, 2013, or the subsequent events as alleged by Plaintiff. The doctrine of *respondeat superior* generally is inapplicable to § 1983 suits, such that an employer or supervisor (assuming the other named Defendants all work for Wright) is not liable for the acts of his employees, absent an

5

official policy or custom which results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro Area Transit Authority*, 690 F.2d 1133, 1142-43 (4th Cir. 1982). No such policy or custom has been alleged. While higher officials may be held liable for the acts of their subordinates if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization; *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984), cert. denied, *Reed v. Slakan*, 470 U.S. 1035 (1985); again no such facts are presented or alleged. Plaintiff makes no allegations whatsoever that Defendant Wright was deliberately indifferent to, or tacitly authorized, any of the actions or inactions of the other named Defendants or any other SCDF subordinates. Indeed, other than including Defendant Wright's name in the list of parties and alleging that Defendant Wright holds the position of Sheriff, Plaintiff does not even mention Defendant Wright anywhere in Plaintiff's Complaint. Thus, Plaintiff has failed to plead facts sufficient to state a plausible claim against Defendant Wright. *See Iqbal*, 556 U.S. at 676 (2009); *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) cert. denied, 513 U.S. 814 (1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). While all of the facts in Plaintiff's Complaint are assumed to be true, Plaintiff's allegations concerning Defendant Wright are simply insufficient to state any plausible claim against him. *See Shaw*, 13 F.3d at 799 (4th Cir.).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Sheriff Chuck Wright be dismissed as a party Defendant, without prejudice and without issuance and service of process. A separate serve order is being entered contemporaneously with this Report and Recommendation, authorizing



6

service on the remaining Defendants Miller, Brobson, Nichols, Freeman, Cunningham, Shehan, Hayes, Guinn, Branson, Lanford, Gillespie, and Seargent.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

July 3, 2013
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



8