IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamie Anthony Makupson, ) | |
| ) | CIVIL ACTION NO. 9:13-1435-RBH-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Preston Miller, Lieutenant; William Brobson, ) | |
| Sergeant; NFN Nichols, Sergeant; NFN ) | |
| Freeman, Captain; Brian Cunningham, ) | |
| Deputy; J. Shehan; J. Hayes; J. Guinn; ) | |
| B. Branson; B. Lanford; J. Gillespie; and ) | |
| J. T. Seargent, Lieutenant, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time he filed this action was a pre-trial detainee at the Spartanburg County Detention Center,[1] alleges violations of his constitutional rights by the named Defendants, all employees of the Detention Center.[2]

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on December 3, 2013. As the Plaintiff is proceeding pro se, a Roseboro order was



---

[1] Plaintiff has, since the filing of this action, been transferred to the South Carolina Department of Corrections (SCDC). He is currently housed at the Allendale Correctional Institution. See Court Docket No. 37 [Change of Address Notice].

[2] Plaintiff also originally named Spartanburg County Sheriff Chuck Wright as a party Defendant. However, Wright was dismissed as a Defendant by Order filed August 16, 2013. See Court Docket No. 25; see also Court Docket No. 15 [Report and Recommendation].

entered by the Court on December 4, 2013, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a one page response in opposition to the Defendants' motion for summary judgment on December 23, 2013, but has not filed any evidence or exhibits for consideration by the Court

Defendants' motion is now before the Court for disposition.[3]

## Discussion

Plaintiff's allegations are set forth in a verified Complaint,[4] and were detailed in a Report and Recommendation for partial dismissal previously filed in this action on July 3, 2013, as follows:

> Plaintiff alleges that, at 5:05 p.m. on February 26, 2013, just after he had been let out of his cell for an hour rotation, he noticed that Ofc. Brian Cunningham was having problems getting another detainee, a mental patient, to return his food tray. Plaintiff alleges that he told Cunningham to just open the inmate's door and tell the inmate to move away, so that Cunningham could retrieve the tray. Plaintiff alleges that Cunningham became agitated and told Plaintiff that he was interfering with an officer's duty and to go back to his own cell and shut his door because he had just lost his hour rotation for the day. Plaintiff alleges that Sgt. Brobson came into the pod at that time and Plaintiff tapped on the window and Deputy Guinn opened the door and Plaintiff then explained to Sgt. Brobson what had happened between Plaintiff and Cunningham. Plaintiff alleges that he and Cunningham were told that the incident was no reason for Plaintiff to lose his hour of rotation for the day, then Sgt. Brobson

---

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motions, this Report and Recommendation is entered for review by the Court.

[4]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the factual allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

2



left the pod. Plaintiff alleges that, as soon as Brobson left, Cunningham told Plaintiff to go to his cell. When Plaintiff asked why, Cunningham told Plaintiff it was because Plaintiff had disrespected Cunningham by getting Sgt. Brobson involved. Plaintiff alleges that he told Cunningham this was not a sufficient reason to be put back into his cell. Cunningham then got the video camera from Guinn and approached Plaintiff again, and told Plaintiff to go to his cell and shut his door. Plaintiff alleges that he again questioned why he should, and disputed that Plaintiff had disrespected Cunningham. Plaintiff alleges that Cunningham then pulled his mace and Plaintiff became defensive and asked Cunningham not to spray him, but Cunningham sprayed Plaintiff anyway.

Plaintiff alleges that he then "starts swinging" and

end[ed] up on top of this Deputy but I can't see. I am then snatched off deputy Cunningham sprayed again by Deputy Guinn then hit repeatedly in the face and back of the head. I balls up in a defensive knot. Then Deputies Gillespie, Lanford, Shehan, Hayes took part in choking, kneeing, and holding me and spraying me again.

Complaint, ECF No. 1, p. 5.

Plaintiff alleges that these Defendants continued to assault him even though he was being held in a position in which he could not move. Plaintiff alleges that Deputy Branson kneed him in the side and broke two of Plaintiff's ribs, and again sprayed Plaintiff with mace, at which point Plaintiff screamed that he couldn't breathe because three deputies were on top of him. Plaintiff alleges that Sgt. Brobson watched the deputies assault Plaintiff and did nothing to stop them. Plaintiff alleges that he was placed in handcuffs and taken to booking, where Lt. Miller told the deputies to take Plaintiff to transfer. Plaintiff alleges that he asked Sgt. Nichols to take him to the hospital to wash the spray out of his eyes, but Nichols refused. Plaintiff says that he was left in a booking area cell for 30 minutes, then Nichols came back and sprayed more mace under the door of the cell. Plaintiff alleges that, after the shift changed at 7:00 p.m., he started asking the Deputies on the new shift to take him to the hospital because he was having trouble breathing and couldn't see and the spray had also burned his skin. Plaintiff alleges that at 12:00 a.m. Lt. Seargent demanded that Plaintiff lie down and threatened Plaintiff with a stun gun. Plaintiff alleges that Lt. Seargent arranged for Plaintiff to be taken to the hospital when he saw that Plaintiff was complying with directions. At the hospital, Plaintiff was diagnosed with 2 broken ribs and 1st degree burns on his facial area. Complaint, ECF No. 1, p. 6.

Plaintiff alleges that when he returned from the hospital, he was placed back in the transfer unit and was not allowed to have a full breakfast tray, only a bologna sandwich and cup of ice. Plaintiff alleges that Lt. Seargent made the other deputies transfer Plaintiff to lockup, where he was placed on "72 an 1." *Id.* Plaintiff



alleges that, after complaining for three weeks that this was not state law, Plaintiff was placed on "48 an 1," but is made to wear restraints every time that he is let out of his cell for an hour. Id. Plaintiff alleges that he "was found guilty of fighting and placed behind the glass in lock up" and "giv[en] 60 days," which Plaintiff alleges he completed on May 2. Id. Plaintiff alleges that he is allowed no books, newspapers, magazines, or mail, and cannot buy any hygiene supplies, and has not had any form of outside recreation since February 25, 2013. Plaintiff alleges that all of the grievances he has written about the situation have never been returned. Plaintiff alleges that the entire incident was recorded on video. Plaintiff alleges that he cannot get the captain to remove Plaintiff's restraints so he can walk around freely. Id. Plaintiff asks that the deputies be relieved of their duty, and that the rules and regulations of the facility be required to meet state standards and not be applied at the deputies' discretion. Complaint, ECF No. 1, p. 7.

In support of summary judgment in the case, the Defendants have submitted numerous affidavits and exhibits (including medical records), as well as a video tape of the incident at issue.[5] This evidence all addresses the merits of Plaintiff's claims. However, a plain review of Plaintiff's complaint and the file in this matter shows that Plaintiff cannot obtain the relief he seeks in this action, and that this case should therefore be dismissed on that basis. Specifically, Plaintiff seeks the following relief in this case:

> I would like these (deputies) to be relieved of their duty. Therefore no other inmate would have to be subject to excessive force under their doing [.] I would also like the Rules and Regulations of this Facility to meet State Standards and not to be applied at the deputies discretion, as in what he sees he wants, but in the needs of the State law. See Verified Complaint, [Relief Section].

However, since Plaintiff is no longer incarcerated at the Spartanburg County Detention Center; see Court Docket No. 37; see also Urch Affidavit, ¶ 3; his request for declaratory and/or injunctive relief is moot. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) ["[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."]; Taylors v. Rogers, 781 F.2d 1047,

---

[5]The undersigned has viewed the video tape, which shows the lead up to the altercation together with the very beginning of the altercation. However, after that point everything that occurs is off camera.



4

1048 n. 1 (4th Cir. 1986) [holding that prisoner's transfer mooted a request for declaratory and injunctive relief]. Cf. Powell v. McCormack, 395 U.S. 486, 496 (1969) ["[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."]; Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); Buie v. Jones, 717 F.2d 925, 927-929 (4th Cir. 1983); Weinstein v. Bradford, 423 U.S. 147, 149 (1975).

In any event, even if this case was not moot, this Court has no authority to order that any of the Defendant deputies be "relieved of their duty". See Maxton v. Johnson, 488 F.Supp. 1030, 1032, n. 2 (D.S.C. 1980), citing United States v. White County Bridge Commission, 275 F.2d 529, 535 (7th Cir.)[A federal district court lacks the inherent power to hire or remove officials not within the executive control of that federal district court], cert. denied sub nomine, Clippinger v. United States, 367 U.S. 818 (1960). Plaintiff also cannot have criminal charges filed against these Defendants through the prosecution of this lawsuit, as it is well settled that individuals such as the Plaintiff here have no constitutional right to, or in fact any judicially cognizable interest in, the criminal process or non-prosecution of another person. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)[A private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person]; Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (applying Linda R.S. v. Richard D. and collecting cases); Collins v. Palczewski, 841 F.Supp. 333, 340 (D.Nev. 1993)["Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"]. Therefore, this case is subject to dismissal.

## Conclusion

Based on the foregoing, it is recommended that this case be **dismissed,** without prejudice. Williams, 952 F.2d at 823; Maxton, 488 F.Supp. at 1032, n. 2.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 14, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

