IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jamie Anthony Makupson, | ) | Civil Action No.: 9:13-cv-1435-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Preston Miller, Lieutenant; William | ) | |
| Brobson, Sergeant; NFN Nichols, | ) | |
| Sergeant; NFN Freeman, Captain; | ) | |
| Brian Cunningham, Deputy; J. | ) | |
| Shehan; J. Hayes; J. Guinn; B. | ) | |
| Branson; B. Lanford; J. Gillespie; | ) | |
| and J.T. Sergeant, Lieutenant, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jamie Anthony Makupson ("Plaintiff"), a self-represented state prisoner, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on May, 29, 2013. *See* Compl., ECF No. 1.  The above named Defendants ("Defendants") jointly filed a motion for summary judgment on December 3, 2013.  *See* ECF Nos. 30–31.  Defendants filed supplemental evidence in support of their motion on December 10, 2013.  *See* EF No. 36.  This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant.[1]  *See* R & R, ECF No. 41.  In the R & R, the Magistrate Judge recommends the Court dismiss this action without prejudice.  *See id.* at 5.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.  The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A.  The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff timely responded to Defendants' motion for summary judgment on December 23, 2013, arguing in a one page filing that the Court should deny the motion based on the "substantial yet overwhelming evidence." *See* Pl.'s Response, ECF No. 38 at 1. After receiving Plaintiff's response, the motion was ripe for review, and the Magistrate Judge issued his R & R on January 14, 2014. Plaintiff, however, mailed a letter to the Court, postmarked January 10, 2014 and received on January 15, 2014, in which he asserted that he received a package from the Defendants' lawyer, but he was not able to obtain the package from the mailroom's supervisor because it had to be screened. *See* Letter, ECF No. 43. Plaintiff indicated he did not know what the package contained and was afraid it could be detrimental to his case. *See id.* The Court found that he had shown good cause to warrant an extension and gave Plaintiff until April 4, 2014 to obtain the evidence and file any supplemental response to Defendants' motion or objections to the R & R. *See* Text Order, ECF No. 44. On March 14, 2014, Plaintiff filed a document setting forth an extensive recitation of Plaintiff's version of the facts, and asking the Court to disregard Defendants' claim for summary judgment and to grant him summary judgment. *See* Pl.'s Supp. Response, ECF No. 46 at 5. The Court construes this filing as both a motion for summary judgment and supplemental response in opposition to Defendants' motion. Defendants timely responded to this filing on March 31, 2014. *See* Def.'s Response, ECF No. 47.

For the reasons stated below, the Court finds that this matter should be dismissed without prejudice. Accordingly, Defendants' motion is denied as moot. Moreover, Plaintiff's motion for summary judgment is also denied both as untimely and as moot.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

**FACTUAL BACKGROUND**

The facts of this case, including citations to the record, were completely and accurately set forth in the Magistrate Judge's Report and Recommendation. *See* ECF No. 41 at 2–4. Briefly stated, Plaintiff alleges he got into an altercation with corrections officers at the Spartanburg County Detention Center ("SCDC"), and that the Defendant officers used excessive force and inflicted cruel and unusual punishment. *See* ECF No. 1 at 3–6. Most notably, Plaintiff requests the following relief:

3

> I would like these (Deputies) to be relieved of their duty. Therefore no other inmate would have to be subject to excessive force under their doing[.] I would also like the Rules and Regulations of this Facility to meet State Standards and not to be Applied at the Deputies discretion, as in what he sees he wants, but in the needs of the State law.

*Id.* at 7.

## DISCUSSION

In the R & R, the Magistrate Judge recommended that the Court dismiss this action without prejudice. *See* ECF No. 41 at 5. In his analysis, the Magistrate Judge noted that the relief Plaintiff seeks is not available via this lawsuit. As the Magistrate Judge explained, Plaintiff is no longer incarcerated at the Spartanburg County Detention Center ("SCDC"), and thus his request for declaratory and injunctive relief is moot. *Id.* at 4. Moreover, the Magistrate Judge notes that even if this matter was not moot, the Court cannot order the relief Plaintiff seeks, which is to have the Defendant officers terminated and/or criminally charged. *Id.* at 5. Therefore, he recommends the Court dismiss the action, without prejudice. *Id.*

As previously noted, Plaintiff raised an issue with receiving certain evidence from Defendants prior to the issuance of the R & R. Out of an abundance of caution, the Court allowed Plaintiff additional time to file a supplemental response to Defendants' motion and/or objections to the R & R. Plaintiff timely filed a document requesting summary judgment be granted in his favor and denial of Defendants' motion. Accordingly, the Court construes that filing as a supplemental response in opposition to summary judgment and motion for summary judgment rather than objections to the R & R. As a result, the Court has reviewed the entire record *de novo*, rather than following the typical procedure of review for an R & R, which is to review for clear error in the absence of objections, and review *de novo* where particular objections are set forth. Nevertheless,

after a full *de novo* review of the record, including Plaintiff's supplemental filing, the Court agrees with the Magistrate Judge that dismissal is warranted.

As the Magistrate Judge correctly explained, Plaintiff's request for declaratory and/or injunctive relief is now moot, as he was transferred from the Spartanburg County Detention Center to Allendale Correctional Institution. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("The transfer, however, has rendered moot [his] claims for injunctive and declaratory relief . . . ."). Moreover, as the Magistrate Judge properly reasoned, even if this matter was not moot, the Court has no authority to order the Defendant officers be "relieved of their duties." *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n.2 (D.S.C. 1980) ("Federal courts lack the authority to remove or reassign state employees.") (citing *United States v. White Cnty. Bridge Comm'n*, 275 F.2d 529, 535 (7th Cir. 1960)).  Finally, the Court also agrees with the Magistrate Judge that Plaintiff cannot have criminal charges filed against Defendants through this lawsuit, as it is settled that Plaintiff has no constitutional right to, or judicially cognizable interest in, the criminal process or non-prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of the United States established that 'criminal statutes cannot be enforced by civil action.'" (citation omitted)).

Therefore, the Court finds that dismissal without prejudice is warranted.  Accordingly, in light of the Court's determination, Defendants' motion for summary judgment is rendered moot and is denied.  Moreover, Plaintiff's motion for summary judgment is also denied as untimely and as moot.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, Defendants' motion for summary judgment, Plaintiff's response in opposition to summary judgment, the R & R, Plaintiff's supplemental response in opposition and motion for summary judgment, Defendants' response to the supplemental filing, and applicable law.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED**, *without prejudice*. Defendants' motion for summary judgment, ECF No. 30, is **DENIED** as moot.  Plaintiff's motion for summary judgment, ECF No. 46, is also **DENIED** as moot and untimely.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　 s/ R. Bryan Harwell
　　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　United States District Judge

Florence, South Carolina
April 22, 2014